# IN THE SUPREME COURT OF THE STATE OF NEVADA

RAMANJEET SINGH SIDHU,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79618

FILED

SEP 18, 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a bench trial, of first-degree murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Ramanjeet Sidhu's sole contention on appeal is that the district court should have concluded that he was not guilty by reason of insanity. Under Nevada law, insanity may constitute a defense to a crime if the defendant is "in a delusional state such that he cannot know or understand the nature and capacity of his act, or his delusion must be such that he cannot appreciate the wrongfulness of his act, that is, that the act is not authorized by law." *Finger v. State*, 117 Nev. 548, 576, 27 P.3d 66, 84-85 (2001); *see also* NRS 174.035(6) (providing for the plea of not guilty by reason of insanity). "[T]he burden of proof is upon the defendant to establish by a preponderance of the evidence" the insanity defense elements. NRS 174.035(6).

The State presented uncontroverted evidence that appellant walked briskly toward the victim and stabbed him repeatedly, which resulted in the victim's death. Appellant introduced evidence that he suffered from schizoaffective disorder. At the time of the attack, he believed

20-34468

the victim was a terrorist, whose cranial implant interfered with appellant's own government implant, and that he had to retrieve the victim's implant. He also believed that the victim was in possession of a paralytic nerve agent that was necessary to conducting aircraft attacks. However, he did not assert that his delusion led him to believe that the victim posed an imminent threat to him or others at the time of the offense. *See Finger*, 117 Nev. at 576, 27 P.3d at 85 (recognizing that delusional state may excuse murder when defendant believes they will suffer imminent harm, but not when that belief only suggests that they may suffer some future harm); *see also* NRS 200.200(1) (requiring "urgent and pressing" danger to justify killing in self-defense). Appellant did not demonstrate that his delusion amounted to a legal excuse for his conduct, and thus, a rational fact-finder could have found the essential elements of first-degree murder with the use of a deadly weapon beyond a reasonable doubt. *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979); NRS 200.030(1)(a). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:   Hon. Michelle Leavitt, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk